UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIA REBECCA ROWE, <br><br> Plaintiff, <br><br> v. <br><br> JP MORGAN CHASE BANK, N.A., et al., <br><br> Defendants. <br> _____/ | Case No. 1:15-cv-01508-BAM <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT TO ADD A NEW DEFENDANT; DENYING THE MOTION TO DISMISS AS MOOT** <br> (Doc. 41, 49) <br><br> **THIRTY-DAY DEADLINE** |

**INTRODUCTION**

Plaintiff Antonia Rebecca Rowe ("Plaintiff") moves to amend her complaint to add Verdugo Trustee Service Corporation as a party pursuant to Federal Rules of Civil Procedure 20 and 21. Doc. 49. The Court determined that the motion was suitable for decision without oral argument and vacated the hearing scheduled for June 3, 2016. Local Rule 230(g). Having considered the moving, opposition and reply papers, Plaintiff's motion to amend shall be granted.[1]

**BACKGROUND**

**A. Allegations in Complaint**

The real property, which is the subject of this action, is generally described as 384 East Sandpiper, Fresno, California ("Subject Property"). Janet Mooshagian and Raymond Mooshagian

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to have a United State Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment. Docs. 30, 33-35, 39.

1

acquired title to the Subject Property by virtue of a Grant Deed recorded on January 22, 2003. Janet and Raymond Mooshagian financed the purchases of the Subject Property with a $230,400 loan from Resource Lenders, Inc., which was secured by a Deed of Trust recorded in Fresno County as Document No. 2003-0015330 ("Resource DOT"). Defendant Citicorp Trust Bank, FSB, which became part of Citibank, N.A. ("Citibank"), recorded a full reconveyance mistakenly referencing the Resource DOT on July 21, 2004 ("Full Reconveyance"). The reconveyance should have referenced a Deed of Trust recorded as Document No. 2003-15**3**330 securing a $151,434.03 loan to Erik and Teresa Pottorff against real property located at 2428 East Decatur Avenue, Fresno, California ("Pottorff DOT").

Raymond Mooshagian died on January 11, 2007. A Grant Deed conveying the property from Janet Mooshagian to Janet Mooshagian, as Successor Trustee of Trust A established under the Mooshagian Family Living Trust Agreement dated June 2, 1989, was recorded on February 11, 2009. An affidavit to change trustee was recorded on January 24, 2012, changing the trustee under the Mooshagian Family Living Trust Agreement from Janet Mooshagian to Steven Mooshagian and Gary Mooshagian. A Grant Deed conveying the Subject Property from Steven Mooshagian and Gary Mooshagian to Steven R. Mooshagian was recorded on March 5, 2013. A Grant Deed conveying the Subject Property from Steven R. Mooshagian to Steven R. Mooshagian as Trustee under the Steven R. Mooshagian Revocable Living Trust Agreement dated January 21, 2012, was recorded on March 5, 2013.

In June 2013, Plaintiff purchased the Subject Property from Steven R. Mooshagian as Trustee under the Steven R. Mooshagian Revocable Living Trust Agreement for $319,000. A Grant Deed conveying the property to Plaintiff was recorded on June 27, 2013, as Document No. 2013-0090988. Plaintiff partially financed her purchase of the property with a $130,000 loan from Sierra Pacific Mortgage Company, Inc., which was secured against the Subject Property by a Deed of Trust recorded on June 27, 2013 ("Sierra Pacific DOT").

Plaintiff alleges that Steven R. Mooshagian never disclosed to Plaintiff that the loan secured by the Resource DOT was not satisfied or that the Resource DOT was mistakenly released. Due to the Full Reconveyance recorded by Defendant Citibank, Plaintiff believed that the Resource DOT had

been released from the Subject Property.  Plaintiff did not have any knowledge or notice that the loan secured by the Resource DOT might not be satisfied or that the Resource DOT remained as a lien on the Subject Property.

Plaintiff further alleges that the Resource DOT was assigned to JP Morgan Chase Bank, NA ("Chase"), pursuant to a Corporate Assignment of Deed of Trust that was recorded on October 7, 2013.  On November 20, 2014, counsel for Chase sent a letter to Plaintiff stating that the Resource DOT had been wrongfully and mistakenly reconveyed by the Full Reconveyance and that they had been retained to reinstate the lien of the Resource DOT against the Subject Property.  Plaintiff alleges that the Resource DOT was assigned to Federal National Mortgage Association ("Fannie Mae") pursuant to a Corporate Assignment of Deed of Trust that was recorded on May 18, 2015.

**B.  Instant Action**

Plaintiff filed her complaint for quiet title, declaratory relief, unjust enrichment and equitable indemnity against Chase, Fannie Mae, Janet Mooshagian (individually and as successor trustee of Trust A), Steven Mooshagian (individually and as trustee under the Steven R. Mooshagian Revocable Living Trust), Gary Mooshagian (individually and as successor co-trustee of Trust A), and Citibank on September 9, 2015, in Fresno County Superior Court.  The action was removed to this Court on October 2, 2015, based on federal question jurisdiction.

Defendants Steven Mooshagian and Gary Mooshagian answered the complaint on February 24, 2016.  Docs. 36, 37.  Defendant Janet Mooshagian, individually and as successor trustee, was dismissed from this action on February 29, 2016.  Doc. 43.

On February 26, 2016, Citibank moved to dismiss the complaint for failure to state a claim upon which relief may be granted.  The sole claim against Citibank is one for indemnity.  Plaintiff opposed the motion to dismiss on April 22, 2016, and contemporaneously filed a motion to amend the Complaint to add Verdugo Trustee Service Corporation as a defendant to the indemnity claim. Citibank replied to Plaintiff's opposition on April 26, 2016, and opposed the motion to amend on May 12, 2016.  Plaintiff replied to Citibank's opposition to the motion to amend on May 18, 2016.  No other defendants have filed oppositions or statements of non-opposition to the motion to amend.

## MOTION TO AMEND

Plaintiff moves to amend her complaint to add Verdugo Trustee Service Corporation ("Verdugo") as a party defendant to the fourth claim for indemnity pursuant to Federal Rules of Civil Procedure 20 and 21. Doc. 49. Plaintiff argues that in response to her lawsuit, Citibank filed a motion to dismiss claiming that Verdugo was responsible for preparing and recording the Full Reconveyance. Plaintiff therefore contends that Verdugo also is liable as a defendant because it prepared and recorded the conveyance.

Although the addition of Verdugo is the subject of the proposed amendment, the Court notes that Plaintiff has included additional allegations in her opposition to Citibank's motion to dismiss that indicate she relied on a "title report." Doc. 48 at p. 2. Defendant Citibank has argued in its reply supporting the motion to dismiss that the existence of a title report demands, at a minimum, amendment of the Complaint to clarify the nature of the documents upon which Plaintiff relied and the identity of the preparer. Doc. 50 at pp. 2-4.

## LEGAL STANDARDS

Plaintiff's motion to join an additional defendant implicates both Rules 15 and 20 of the Federal Rules of Civil Procedure. *See Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1374 (9th Cir. 1980) (petition to amend pleading to add party defendant brings into consideration Rules 15 and 20). Rule 15 provides that a party may amend its pleading more than 21 days after service of a responsive pleading or a motion under Rule 12(b) only with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(1), (2). Rule 15 further provides that the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts generally consider four factors in determining whether to deny a motion to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).

Rule 20 allows for the permissive joinder of multiple party defendants in one action if two requirements are met: (1) the right to relief asserted against each defendant arises out of the same transaction or occurrence, or series of transactions or occurrences, and (2) a question of law or fact common to all defendants arises in the action. Fed. R. Civ. P. 20(a)(2); *Desert Empire Bank*, 623 F.2d

4

at 1375 (applying Rule 20(a) to determine that defendant was properly joined). "Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir.1977) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138 (1966)). Additionally, Rule 21 allows for joinder of an appropriate party. Fed. R. Civ. P. 21.

## DISCUSSION

### A. Parties' Positions

Plaintiff avers that the claim asserted against Verdugo arises out of the same transactions, occurrences or series of transactions or occurrences that are currently before the Court in this action, and this claim will raise common issues of law or fact. Plaintiff also asserts that Verdugo was Citibank's agent in preparing the Full Reconveyance and thus may be jointly and severally liable along with Citibank.

Citibank counters that an amendment to add Verdugo is both improper and impractical as the complaint now stands. As a preliminary argument, Citibank contends that Verdugo's statutory duties under the deed of trust do not extend to third parties, such as Plaintiff. Citibank also contends that because Plaintiff relied on a title report, she cannot identify a cause of action or duty owed to her by Verdugo, the trustee. Citibank further argues that Verdugo's actions do not arise from the same facts as the claims pled against Chase or Fannie Mae. Citibank alleges that Verdugo's actions relate to the Decatur property (Pottorff DOT), not the Subject Property at issue.

In reply, Plaintiff appears to argue that Verdugo owed her a duty of care because it was foreseeable that a mistaken instrument may cause injury to subsequent purchasers and encumbrances that rely on the instrument.

### B. Analysis

On its face, Plaintiff's proposed addition of Verdugo comports with the joinder requirements of Rule 20. First, Plaintiff's claim against Verdugo arises out of the same transaction, occurrence, or series of transactions or occurrences as the existing defendants. Fed. R. Civ. P. 20(a)(2)(A). "The Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or series of transactions or

5

occurrences' to require a degree of factual commonality underlying the claims." *Bravado Int'l Group Merchandising Servs. v. Cha*, 2010 WL 2650432, at *4 (C.D. Cal. June 30, 2010) (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir.1997)). Typically, this means that a party "must assert rights . . . that arise from related activities-a transaction or an occurrence or a series thereof." *Id.* (citation omitted). Although there is a time lapse between the events involving Verdugo and the events involving Defendants Chase and Fannie Mae, Plaintiff's right to relief arises out of the series of transactions or occurrences related to the Resource DOT, including the purportedly wrongful Full Reconveyance and the subsequent reinstatement of the lien.

Second, there is a question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2)(B). At a minimum, the claims against defendants arise out of the Resource DOT, the alleged wrongful or erroneous Full Reconveyance and the reinstatement of the lien on the Subject Property. For these reasons, the technical requirements of Rule 20 are satisfied.

The Court, however, also must consider the proposed amendment under Rule 15. Pursuant to Rule 15, the Court considers the factors of undue delay, bad faith, prejudice to the opponent, and futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). As this case is in the early stages and no Scheduling Order has issued, the Court finds no evidence of undue delay, bad faith or prejudice to defendants. Given Citibank's contention that Plaintiff cannot identify a cause of action or duty owed to her by Verdugo, the main issue appears to be whether the proposed amendment to add Verdugo is futile.

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). "However, denial on this ground is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Clarke v. Upton*, 703 F.Supp.2d 1037, 1043 (E.D. Cal. 2010) (citing *Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)); *Harris v. Chipotle Mexican Grill, Inc.*, 2014 WL 2993796, at *4 (E.D. Cal. Jul. 2, 2014) (deferring consideration of futility and granting leave to amend).

Here, the Court finds it appropriate to defer ruling on the merits of the proposed addition of Verdugo as a party defendant. This is particularly true given Plaintiff's purported reliance on a title

report and the omission of these allegations from the operative complaint. It is neither feasible nor economical to address the sufficiency of any proposed amendment in the absence of these relevant allegations. Accordingly, Plaintiff shall be granted leave to amend her complaint to add Verdugo as party-defendant conditioned on her concomitant addition of facts identifying all documents upon which she relied, including the "title report," the nature of those documents, their purpose and the identity of the document preparers.

**CONCLUSION AND ORDER**

For the reasons stated, it is HEREBY ORDERED as follows:

1. Subject to Plaintiff's inclusion of all facts relevant to her reliance, Plaintiff's motion to amend the complaint to add a new defendant is GRANTED;

2. Within thirty (30) days of this Order, Plaintiff shall file a first amended complaint that (1) adds Verdugo Trustee Service Corporation as party-defendant to her fourth claim for indemnity; and (2) includes all factual allegations relevant to the documents upon which Plaintiff relied, including the nature of the documents, their purpose and the identity of the document preparers.

3. As leave to amend is granted, the Court DENIES the Defendant's Motion to Dismiss as MOOT.

IT IS SO ORDERED.

Dated: **June 2, 2016**        /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE