UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIA REBECCA ROWE,<br><br>  Plaintiff,<br><br>   v.<br><br>JP MORGAN CHASE BANK, N.A., et al.,<br><br>  Defendants.<br>_____/ | Case No. 1:15-cv-01508-BAM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER REMANDING REMOVED ACTION TO STATE COURT**<br>(Doc. 60) |

**INTRODUCTION**

Plaintiff Antonia Rebecca Rowe ("Plaintiff") moves to remand this action to Fresno County Superior Court. Doc. 60. No opposition was filed. Given the lack of opposition, no party was entitled to be heard in opposition at oral argument, and the Court vacated the hearing scheduled for July 29, 2016. Local Rule 230(c), (g). Having considered the moving papers and record, Plaintiff's motion to remand this action to Fresno County Superior Court shall be granted.[1]

**BACKGROUND**

On September 9, 2015, Plaintiff filed suit for quiet title, declaratory relief, unjust enrichment and equitable indemnity against six named defendants, including the Federal National Mortgage Association ("Fannie Mae"), in connection with the purchase of property in Fresno, California.

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to have a United State Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment. Docs. 30, 33-35, 39.

1

On October 2, 2015, Fannie Mae removed the action to this Court based on federal question jurisdiction.

On February 26, 2016, Citicorp Trust Bank FSB ("Citibank") moved to dismiss the complaint for failure to state a claim upon which relief may be granted. Plaintiff opposed the motion to dismiss on April 22, 2016, and contemporaneously filed a motion to amend the Complaint to add Verdugo Trustee Service Corporation as a defendant to the indemnity claim.

On May 6, 2016, Defendants Fannie Mae and JP Morgan Chase, N.A. ("Chase") answered the complaint. Doc. 52.

On May 25, 2016, Plaintiff filed a notice of settlement, indicating that her claims against Chase and Fannie Mae had been resolved and settled.

On June 2, 2016, the Court granted Plaintiff's motion to amend the complaint and denied the motion to dismiss as moot. Doc. 57.

On June 21, 2016, Plaintiff filed a request for dismissal with prejudice of Defendants Chase and Fannie Mae pursuant to Federal Rule of Civil Procedure 41(a)(2). Doc. 59. Plaintiff also filed the instant motion for remand of the action to state court. Doc. 60.

On June 22, 2016, the Court dismissed Defendants Chase and Fannie Mae from this action with prejudice. Doc. 61.

On June 30, 2016, Plaintiff filed her first amended complaint. Doc. 62. Citibank filed a motion to dismiss on July 18, 2016. Doc. 64.

**DISCUSSION**

**A. Removal**

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. § 1441(a). Fannie Mae removed the action based on the original jurisdiction purportedly conferred by its federal charter. 28 U.S.C. § 1331; 12 U.S.C. § 1723a(a). In the removal notice, Fannie Mae contended that the "sue-and-be-sued clause in [its] federal charter confers federal question jurisdiction over suits in which Fannie Mae is a party." *Lightfoot v. Cendant Mortgage Corp.*, 769 F.3d 681, 690 (9th Cir. 2014). Whether Fannie Mae's charter confers original jurisdiction over every case brought by or against Fannie Mae to the

federal courts appears unsettled. The United States Supreme Court recently granted *certiorari* in *Lightfoot* to consider this very question. *Lightfoot v. Cendant Mortgage Corp.*, ---S.Ct.---, 2016 WL 3496734, at *1 (S.Ct. Jun. 28, 2016). However, as the answer to this question would not change the ultimate disposition of the pending motion to remand, it is assumed, without deciding, that removal was proper based on the original jurisdiction conferred by Fannie Mae's charter.

**B. Remand**

In light of Fannie Mae's dismissal from this action, the original basis of this Court's jurisdiction no longer exists, and only state law claims remain. The Court must therefore decide whether to exercise supplemental jurisdiction over these state law claims. A district court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction, if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a). However, if the district court "has dismissed all claims over which it has original jurisdiction," then the court "may decline to exercise supplemental jurisdiction" over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Arizona, Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013) (once district court, at early stage of the litigation, dismissed the only claim over which it had original jurisdiction, it did not abuse its discretion in dismissing remaining state law claims). Unless "considerations of judicial economy, convenience and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *see also Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity…."). In the usual case, where federal claims are dismissed before trial, "the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state law claims." *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir.1994) (internal quotation omitted).

Here, the balance of factors, including that that this case involves state law real property issues, the matter is still in its early stages, the pleadings have not been finalized, and discovery has not commenced, points toward declining to exercise supplemental jurisdiction over the remaining state

1  law claims and remanding those claims to state court.  Further, no party has opposed remand of this
2  action.  Therefore, the Court declines to exercise supplemental jurisdiction over the remaining state
3  law claims, and this action shall be remanded to state court.  *See Figueroa v. Cantarutti*, No. C 10-
4  4564 WHA, 2010 WL 4916414, at *1-2 (N.D. Cal. Nov. 22, 2010) (declining to exercise supplemental
5  jurisdiction over state law claims and remanding action following dismissal of Fannie Mae from
6  action).

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's motion for an order remanding removed action to state court is GRANTED.  The Clerk of the Court shall remand this action to the Superior Court of California, County of Fresno.  The Clerk is instructed to close this case.

IT IS SO ORDERED.

Dated:   **July 28, 2016**                /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE